**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN A. BANKS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:24-CV-00705 AGF |
| ) | |
| WAL-MART STORES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented plaintiff Stephen Banks' motion to proceed in forma pauperis.[1] After reviewing plaintiff Banks' financial information, the Court will grant plaintiff's motion to proceed in forma pauperis. Based on the reasoning set forth below, the Court will strike plaintiff Donna Carroll from this lawsuit. Plaintiff Banks will be required to amend his complaint on a Court-provided form within twenty-one (21) days from the date of this Memorandum and Order. Plaintiff Banks' failure to do so will result in dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether

---

[1]Plaintiff Stephen Banks filed this action on behalf of he and his wife, Donna Carroll. Only plaintiff Stephen Banks signed the complaint and filed a motion to proceed in forma pauperis. *See* ECF Nos. 1 and 2.

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Stephen Banks filed this employment discrimination action on May 20, 2024. [ECF No. 1]. As set forth above, plaintiff Banks attempts to bring this action on behalf of both he and his wife, Donna Carroll, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as

amended, 42 U.S.C. §§ 2000e, *et seq.,* the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). Named as defendants are Wal-Mart Stores, Inc., as well as individual supervisors and Human Resource Personnel at the Telegraph Road Wal-Mart in St. Louis: Alexandria (Lexi) Hicks; Marcus Granger; Shaquille Jackson; Denishio Maridith; Samantha Burkhart; and Nick Nelson. [ECF No. 1, pp. 1-2]. The complaint is handwritten on notebook paper, and portions of the complaint are provided on a partially completed Civil Complaint Form. [ECF No. 1].

Plaintiff Banks complains that he and his wife worked at the Wal-Mart store on Telegraph Road in St. Louis, Missouri, in 2022. Although plaintiffs do not indicate their job titles or job duties, Banks indicates that he worked for Wal-Mart from January of 2022 through December of 2022. [ECF No. 1, p. 5]. He states that Carroll worked for Wal-Mart from May of 2022 through August of 2022. *See id*. Banks states that he was fired on an undisclosed date in December of 2022, and he insinuates that Carroll was fired due to "accumulation of points" on or about August 24, 2022. [ECF No. 1, pp. 12-14].

Banks states that on June 21, 2022, his wife, Donna Carroll, complained to him that she had been physically assaulted on June 19, 2022, by her Team Lead, Marcus Granger, in front of witnesses. She complained to an undisclosed person but was told that the physical assault "wasn't that hard." [ECF No. 1, p. 5]. Banks states that he and his wife went to make an "official" complaint to Shaquille Jackson in front of the Asset Protection Door. He claims that there was another Team Lead there at the time. However, the complaint was not documented. [ECF No. 1, p. 6]. Banks states generally and in a conclusory manner that after the complaint was made, Carroll was subjected to retaliation and harassment by her boss, Marcus Granger. [ECF No. 1, p. 7].

3

On July 25, 2022, Carroll was being harassed by Granger in front of "Management Office," and she purportedly took the time to "make another complaint to Acting Head Manager Denishio Maridith." Banks indicates that this complaint also was not documented. [ECF No. 1, p. 7]. Banks states that he found Granger harassing Carroll at work on July 29, 2022, "in front of section J," at approximately 4:11 p.m. [ECF No. 1, p. 7]. It appears Banks recorded the incident. *Id*. Banks states that he told his wife to report the harassment, which she did, and Banks also reported the purported harassment of Carroll to Samantha Burkhart in Human Resources. [ECF No. 1, p. 8]. After this time, Carroll's work schedule began to change from the 2 p.m. to 11 p.m. shift to sporadic start times. [ECF No. 1, pp. 8-9]. Banks believed Wal-Mart "management" was making it more difficult for his wife to get to and from work because management knew she took the bus. As a result of transportation issues and depression problems, Banks indicates that his wife began to accumulate "points" at Wal-Mart. When Banks refers to "points" in the complaint, the Court assumes he is referring to a disciplinary system.

At the time of the accumulation of "points," it appears that Carroll still worked under Team Lead Granger. Banks and Carroll found out that Carroll was between eight and nine weeks pregnant on August 20, 2022. *See id*. At this time, both Carroll and Banks asked "management" to remove "points" from Carroll's disciplinary record, or "accommodate" Carroll's request to remove disciplinary action, as Carroll would have conceived the pregnancy at the end of May in 2022. [ECF No. 1, pp. 10-13]. Banks reports in the complaint that the removal of points was commonplace at Wal-Mart and was routinely done for others, including for Banks. However, both his bosses and Human Resource professionals asked Carroll and Banks to "prove it" that Carroll was pregnant. *See id*.

Banks states that "in spite of us going to get ultra sounds [sic] and even going so far as begging," Carroll was terminated on August 24, 2022. [ECF No. 1, p. 13]. After Carroll's termination, she was depressed and unable to work. *See id.* Banks indicates that he was also depressed but he continued working at Wal-Mart, sometimes on average of 70 hours per week. Banks does not indicate why he was terminated from Wal-Mart, but he states that he was fired in December of 2022. [ECF No. 1, p. 14]. He notes that this caused a "downward spiral" for both he and his wife. Banks was later incarcerated for an undisclosed issue. [ECF No. 1, Ex. 1, p. 3]. Carroll developed a drug habit, and the new baby was placed in temporary foster care. [ECF No. 1, pp. 13, 14].

Banks and Carroll seek approximately $210,000 in this action for what Banks believes was lost wages.

## Discussion

Plaintiff Stephen Banks filed this employment discrimination action on May 20, 2024. [ECF No. 1]. As set forth above, plaintiff Banks attempts to bring this action on behalf of both he and his wife, Donna Carroll, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). Plaintiffs Banks and Carroll have named several defendants in this action, and the complaint is not filed on the Court's Employment Discrimination Form. Because there are several pleading deficiencies in the complaint, the Court will require plaintiff Banks to amend his pleading in this action. However, the Court will first address the issue of standing.

Only plaintiff Stephen Banks signed the complaint and filed a motion to proceed in forma pauperis. *See* ECF Nos. 1 and 2. A pro se plaintiff lacks standing to bring claims on behalf of

5

others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes a plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney, and therefore may not represent other individuals in Federal Court. *See Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986). For this reason, the Court will strike plaintiff Donna Carroll from this action and only allow plaintiff Banks to proceed with this action. Plaintiff Carroll may, of course, pursue her own employment discrimination action separately in this Court. The Court will provide her an Employment Discrimination Court-form for pursuing her action, as well as a form "Application to Proceed in District Court without Prepayment of Fees or Costs" so that she may seek leave to file in forma pauperis in her own lawsuit.

As to plaintiff Banks' case against defendants, the Court notes that Banks has failed to file this action on the Court's Employment Discrimination Complaint Form in compliance with this Court's Local Rules. *See* Local Rule 2.06(A). As such, the Court will require him to amend his complaint on the Employment Discrimination Complaint Form. As an exhibit to the Court-provided form, plaintiff will be required to provide the Court with copies of *his* (and not plaintiff Carroll's) Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC), as well as the Charge of Discrimination from either the EEOC or the Missouri Commission on

6

Human Rights (MCHR),[2] so that the Court may determine if plaintiff has adequately exhausted his administrative remedies with respect to the claims in his amended complaint.[3]

Additionally, plaintiff Banks has listed several individuals as defendants in this action. However, Title VII and the ADA only provides a remedy only against an employer. The Eighth Circuit Court of Appeals has "squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997)); *see also Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998) and *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). As a result, the individual defendants named in the action are subject to dismissal from the complaint. When plaintiff files an amended complaint in this action only the actual employer, Wal-Mart, should be named as a defendant in this action.

As to the claims currently espoused by plaintiff Banks, the Court notes that most of the claims in the current complaint are made on behalf of plaintiff Carroll. In an employment discrimination action, a plaintiff may only bring his own claims pursuant to the discrimination

---

[2]Missouri is known as a "dual-filed" state, meaning that because Missouri has its own laws prohibiting discrimination, as well as agencies enforcing such laws, a litigant can file an administrative charge with either the state "Fair Employment Practice Agency (FEPA)" or the EEOC. Although usually the agency where the charge is filed will retain the charge for processing, data may be shared between the offices. *See* April 9, 2021, *EEOC Order 750.001A: FEPA Data-Sharing Policies and Practices.*

[3]Title VII and the ADA requires that an administrative claim be filed and resolved prior to bring a judicial action on the same claim. *See Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1); See 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining charge requirements); *Shelton v. Boeing Co.,* 399 F.3d 909, 912 (8th Cir. 2005). In other words, the claims plaintiff asserts in the instant federal complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

statutes. He may not bring claims on behalf of others. As such, plaintiff Banks should take care to enumerate only his own claims in his amended complaint under discrimination statutes.

For example, to allege a race discrimination claim, plaintiff must allege that he is a member of the protected class, he was meeting the employer's legitimate job expectations, he suffered an adverse employment action and was treated differently than similarly situated employees who were not members of his protected class.[4] *Jackman v. Fifth Judicial Dist. Dep't. of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Thus, not only must plaintiff articulate in his amended complaint what his race was, how he was racially discriminated against, and how he believes he was meeting the employer's legitimate job expectations, but he should also articulate in his amended complaint how he believes he was treated differently than those who were not of his same race but were not terminated for acting similarly.

To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). Thus, not only must plaintiff articulate in his amended complaint what his purported disability is, but he must also indicate what his job was at Wal-Mart, that he was meeting the employer's legitimate job expectations and that he was discriminated against by his employer because of his alleged disability.

In completing the amended complaint, plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. His self-represented status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp.*

---

[4]The Court has utilized race discrimination as an example in this instance. Plaintiff did not indicate the basis for his Title VII claim in his original complaint. Title VII prohibits discrimination on the basis of race, color, religion, gender, and national origin.

8

*v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996). Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known. In other words, plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, disability, etc. As noted above, if he believes he was discriminated against based on his race or other protected status, he must note his race on the face of his amended complaint.

The Court will direct the Clerk of Court to provide plaintiff with an Employment Discrimination Complaint form, and plaintiff will have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this

Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Stephen Bank's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff Stephen Banks a Court-provided form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff Donna Carroll a Court-provided form for filing an Employment Discrimination Complaint, as well as an Application to Proceed in District Court without Prepayment of Fees or Costs.

**IT IS FURTHER ORDERED** that plaintiff Donna Carroll is **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that plaintiff Stephen Banks shall file an amended complaint, within **twenty-one (21) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff Stephen Banks shall attach to his amended complaint a copy of his EEOC Notice of Right to Sue and Charge of Discrimination from either the EEOC or MCHR.

**IT IS FURTHER ORDERED** that if plaintiff Stephen Banks fails to timely file his amended complaint, in compliance with this Court's Order, this case will be dismissed, without prejudice.

Dated this 3rd day of June, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE